In re COUNTY GREEN LIMITED PARTNERSHIP, Debtor.

FIRST AND MERCHANTS NATIONAL BANK, Appellee,

v.

COUNTY GREEN LIMITED PARTNERSHIP et al., Appellants.

Civ. A. No. 77–0033(C).

United States District Court, W. D. Virginia, Charlottesville Division.

Aug. 5, 1977.

Arthur B. Davies, III, Lynchburg, Va., William J. Strickland, Charlottesville, Va., Richard L. Williams, Richmond, Va., for First and Merchants National Bank.

Ross W. Krumm, Charlottesville, Va., for Tech-Mod Corp. and Dr. Samuel Messina.

Stuart Goldman, New York City, for M. P. G. Capital Corp.

## MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

This case is before the District Court on the appeal of the debtor, County Green Limited Partnership, from an order of the Bankruptcy Court lifting a stay, against the enforcement of liens and other security interests and rights, which had been effectuated pursuant to Rule 12–43 of the Chapter XII Bankruptcy Rules, upon the filing by the debtor of a petition for arrangement under Chapter XII of the Bankruptcy Act.

The debtor is a Virginia limited partnership with twenty-five limited partners and two general partners. Its general partners are Dr. Samuel L. Messina and the Tech-Mod Corporation, a Delaware Corporation wholly owned by Dr. Messina. The partnership was organized to acquire a parcel of real estate in Campbell County and to build on the real estate an apartment complex to be known as County Green. The venture was financed in part through a construction loan by the First and Merchants National Bank which was secured by a deed of trust and security agreement covering the property acquired in relation to the apartment complex. After numerous defaults under the construction loan, First and Merchants demanded payment on October 29, 1975, and commenced foreclosure procedures pursuant to its deed of trust and security agreement. The debtor then filed, on November 12, 1975, its petition under Chapter XII of the Bankruptcy Act which, pursuant to Rule 12–43, operated to stay First and Merchants from the enforcement of its secured interests. Having failed to submit a plan, the Bankruptcy Court on November 26, 1976, gave the debtor until January 17, 1977, to submit a plan of arrangement, and the plan when submitted was found by the Bankruptcy Court not to have been filed in good faith. (Bankruptcy Court opinion and Order at 7). A second plan of arrangement was not filed until March 10, 1977, and provided for large payments to Dr. Samuel Messina and the Tech-Mod Corporation and other general creditors prior to satisfaction of the debtor's obligation to First and Merchants. The evidence indicates that it will take approximately $350,000.00 to complete the construction of the project and that it will have a fair market value of approximately $2,400,000.00 upon completion. However, the evidence also indicates that the debtor owes in excess of four million dollars excluding interest which has accrued on its obligations since November 12, 1975.

This is a case of a debtor who has acted without regard for the rights of others, in bad faith filed a plan for arrangement in the Bankruptcy Court, filed another plan whereby its general partners, serving in who knows what capacity, would receive payment before payment in full to First and Merchants, and who now is complaining that it is aggrieved by an adverse determination of the Bankruptcy Court, a court of conscience. However, this Court need not dwell long on the unconscionable conduct of the debtor as he has failed to establish the financing necessary to formulate a successful plan of reorganization. Rule 12–43(d) of the Chapter XII Bankruptcy Rules provides in part that "[a] party seeking continuation of a stay against lien enforcement shall show that he is entitled thereto." The debtor has failed to demonstrate, pursuant to Section 468 of the Bankruptcy Act, Title 11 U.S.C.A. § 868, that a majority of each

class of creditors has accepted the arrangement, let alone demonstrate the unanimity required by § 467 of the Bankruptcy Act, Title 11 U.S.C.A. § 867. The debtor has urged that an arrangement be required as § 468 provides in part that the Bankruptcy Court can require a plan of arrangement without the otherwise necessary approval of two-thirds of the respective class when "payment or protection has been provided as described in paragraph (11) of 861" for such creditors. Title 11, U.S.C.A. § 861(11) provides when such creditors have been adequately provided for:

> An arrangement shall provide for any class of creditors which is affected by and does not accept the arrangement by the two-thirds majority in amount required under this act, adequate protection for the realization by them of the value of their debts against the property dealt with by the arrangement and affected by such debts, either, as provided in the arrangement or in the order confirming the arrangement, (a) by the transfer or the sale, or by the retention by the debtor, of such property subject to such debts; or (b) by sale of such property free of such debts at not less than a fair upset price, and the transfer of such debts to the proceeds of such sale; or (c) by appraisal and payment in cash of the value of such debts; or (d) by such method as will, under and consistent with the circumstances of the particular case, equitably and fairly provide such protection.

As argued by First and Merchants "[t]he reasonable period of time suggested by the capital debtor's evidence is twelve and three-quarters years and this could only be accomplished if First and Merchants were willing to subordinate its lien position to a first mortgage, forgive all the accrued interest to date, and accept interest at the rate of 8% per annum in the future." Such a result is not the protection contemplated by Title 11, U.S.C.A. § 868(1). Consequently, appellant, County Green Limited Partnership, has failed to establish that it is entitled to a stay, and pursuant to 12–43(d) of the Rules of Bankruptcy under Chapter XII, the Bankruptcy Court properly lifted the stay.

For the above stated reasons, the opinion of the Bankruptcy Court is affirmed.